UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALAN AMRON,

                               Plaintiff,

            -v-

MLB ADVANCED MEDIA L.P.,

                            Defendant.

24 Civ. 2930

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

On April 16, 2024, *pro se* plaintiff Alan Amron sued defendant MLB Advanced Media L.P. ("MLBAM") for alleged infringement of United States Patent No. 9,047,715 (the "715 Patent") under 35 U.S.C. §§ 1 *et seq.* On April 26, 2024, Amron reassigned all rights to the patent to eChanging Barcode, LLC ("eChanging"). Dkts. 14, 43. The Court, in denying a motion to substitute filed by eChanging, Dkt. 14, directed eChanging to incorporate its request to substitute and any other desired changes into its proposed Amended Complaint ("AC"). Dkt. 30. On August 7, 2024, eChanging, represented by counsel, filed the AC as ordered. Dkt. 41.

Before the Court are defendant MLBAM's motions (1) to strike the AC under Federal Rule of Procedure 12(f) and (2) for sanctions under Federal Rule of Civil Procedure 11. For the reasons that follow, the Court denies both motions.

***Motion to strike***: Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking portions of a pleading is a drastic remedy disfavored by the courts, and is sparingly granted." *Bishop v. Toys "R" US-NY, LLC*, No. 4 Civ. 9403, 2009 WL440434, at *3 (S.D.N.Y. Feb. 19, 2009); *see also B.W.P. Distribs, Inc. v. OE Plus, Ltd.*, No. 7 Civ. 9588, 2009

WL 1154102, at *9 (S.D.N.Y. Mar. 31, 2009) ("Motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." (citation omitted)). "Whether to grant or deny a motion to strike is vested in the trial court's sound discretion." *Outlaw v. City of New York*, No. 22 Civ. 9288, 2024 WL 4825955, at *3 (S.D.N.Y. Nov. 19, 2024) (citation omitted)). "[I]f there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Carmona v. Spanish Broad. Sys., Inc.*, No. 8 Civ. 4475, 2009 WL 890054, at *10 (S.D.N.Y. Mar. 30, 2009) (citation omitted).

MLBAM's motion to strike is based on its contention that eChanging Barcode was not a proper party to move to amend Amron's Complaint. Noting that eChanging Barcode was not identified as a plaintiff in the initial Complaint and that "no motion to substitute has ever been granted," MLBAM argues that it was "improper" for eChanging to file the Amended Complaint, which "should be stricken." Dkt. 43 at 5–7. Although that argument would otherwise gain traction, here, it overlooks that, in a July 18, 2024 Order, the Court, having been notified by Amron of its intention to move to amend the Complaint to effect the substitution of eChanging for Amron, expressly granted leave to file the Amended Complaint and directed plaintiff to incorporate the substitution and any other desired changes "into an[] amended complaint filed pursuant to Rule 15(a)(l)(B)." Dkt. 30. The Court did not specify that the party filing the Amended Complaint making the substitution had to be Amron, as opposed to the party it sought to substitute for itself. eChanging complied with the Court's directive, timely filing the Amended Complaint and making the authorized substitution. It thus did not file "redundant, immaterial, impertinent, or scandalous" material. Fed. R. Civ. P. 12(f). On the contrary, eChanging properly, and as authorized, filed an Amended Complaint that effectuated a

substitution of the plaintiff from Amron to eChanging. The Court thus denies MLBAM's motion to strike.

And substitution is clearly proper here. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Granting substitution "is a discretionary matter for the trial court." *Software Freedom Conservancy, Inc. v. Best Buy Co.*, No. 9 Civ. 10155, 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010). "The primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action." *Advanced Mktg. Grp., Inc. v. Bus. Payment Sys. Inc.*, No. 5 Civ. 9121, 2010 WL 3291588, at *4 (S.D.N.Y. Aug. 16, 2010) (citation omitted). The rule's purpose is "'to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit.'" *Software Freedom Conservancy*, 2010 WL 4860780, at *2 (quoting Moore's Federal Practice § 25.30 ("Moore's")). "If a transferee is joined or substituted as a plaintiff or defendant, it is not because its substantive rights are in question, but rather because it has come to own the property in issue." Moore's § 25.32.

Here, the parties agree that on April 26, 2024, Amron assigned ownership rights in the 715 Patent, whose alleged infringement is the subject of the claims in this case, to eChanging.[1] *See* Dkts. 43, 48. A change in parties to reflect the reassignment of patent ownership is within the scope of the circumstances in which Rule 25(c) permits substitution. Indeed, courts in this District have identified such a reassignment as the quintessential example of a circumstance in which Rule 25(c) substitution is warranted. *See, e.g., Software Freedom Conservancy*, 2010 WL 4860780, at *3 ("[A] successor in interest may be a person or entity who acquired the particular

---

[1] In its AC, eChanging notes that the company is "partly owned" by Amron. Dkt. 41 ¶ 2.

interest at stake in the litigation . . . For example, assignees of a patent may be considered 'successors in interest' in an infringement action." (citation omitted)); *Koehler v. Bank of Bermuda Ltd.*, No. M18-302, 2002 WL 1766444, at *3 (S.D.N.Y. July 31, 2002) (same); *see also, e.g.*, *AAIPharma Inc. v. Kremers Urb. Dev. Co.*, No. 2 Civ. 9628, 2010 WL 11570154, at *4 (S.D.N.Y. Feb. 16, 2010) ("As discussed, AAI no longer holds any current or future interest in the validity and enforceability of the Patents-in-Suit. Substitution of Litigation LLC would therefore simplify the action."); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 774 (S.D.N.Y. 2011) ("[S]ubstitution is the wiser answer to the problem of expediting trials and avoiding unnecessary delay and expense of requiring an action to be started anew where a substitution is desired though the subject matter of the actions remains identical." (citation omitted)). So too here. When ownership of the 715 Patent transferred from Amron to eChanging, Rule 25(c) substitution of the patent infringement case that Amron had brought became appropriate. MLBAM's observation that eChanging seeks to amend a complaint that the prior patent holder filed is not decisive. Rule 15(a)(2) vests courts with wide discretion to grant leave to amend whenever "justice so requires." Here, the Court exercised that discretion when it expressly permitted the amendment to be made, while on notice that the amendment would change the plaintiff from Amron to eChanging. *See* Dkt. 30.

*Motion for sanctions*: The Court also denies, without prejudice, MLBAM's motion for Rule 11 sanctions, Dkt. 51, and defers resolution of eChanging's counterclaim for sanctions, Dkt. 54 at 6. These respective bids are based on the assertion that the adversary's position on the merits is unsustainable. It is thus premature for the Court to resolve such contentions.

"A pleading, motion or other paper violates Rule 11 . . . where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact

and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Tescher v. Experian Info. Sols., Inc.*, No. 21 Civ. 2266, 2022 WL 564048, at *4 (S.D.N.Y. Feb. 23, 2022) (cleaned up). Although Rule 11 sanctions may be warranted for unsupportable legal arguments, courts routinely deny motions for sanctions as premature where the motion would "force a court to prejudge the merits of a party's legal arguments." *Hernandez v. Miller*, No. 22 Civ. 6964, 2022 WL 17584025, at *1 (S.D.N.Y. Dec. 12, 2022); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 n.19 (1991) ("[I]t is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter." (quoting advisory committee's note 1983 amendment to Rule 11)).

In the present early posture of this case, imposing sanctions would be premature. The questions implicated by MLBAM's motion—whether Amron's Complaint contains "obvious defects and falsehoods," Dkt. 43 at 9, and whether "the 715 Patent was intentionally abandoned because it lacked value," Dkt. 55 at 3—are inherently entwined with the merits of this case. The sanctions bids should be resolved in connection with, or shortly following, a ruling on the merits, whether such is ultimately rendered on summary judgment, trial or otherwise. *See Hernandez*, 2022 WL 17584025, at *2 (sanctions rulings implicating merits should be resolved in connection with merits themselves, not through a "collateral adjudication through a sanctions motion"). With the Court just today having upheld eChanging's Amended Complaint as properly filed, and with no case management plan yet in place or discovery taken, there has not yet been an opportunity for the parties to test the merits. The Court's denial of MLBAM's motion for sanctions is without prejudice to MLBAM's right to move for sanctions at an appropriate point

later in this litigation. Likewise, should eChanging continue to press a counterclaim for sanctions, it will be at liberty to pursue that claim following the disposition of the merits.

For the foregoing reasons, the Court denies defendant's motion to strike and motion for sanctions. The Court permits the substitution of eChanging for Amron as plaintiff.[2] MLBAM shall file an answer or a new motion to dismiss by January 6, 2025. If MLBAM files a new motion to dismiss, plaintiff shall serve any opposition by January 27, 2025. MLBAM's reply, if any, shall be served by February 10, 2025. The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 6, 2024
       New York, New York

_____
[2] The Court accordingly directs the Clerk of Court to change the caption of this case, such that the plaintiff henceforth is identified as "eChanging Barcode, LLC."