UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

eCHANGING BARCODE LLC,

                                Plaintiff,

-v-

MLB ADVANCED MEDIA L.P.,

                                Defendants.

24 Civ. 2930 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Before the Court is a motion to intervene in this patent infringement lawsuit by LIVE-Fi Technology Holdings ("LIVE-Fi"). For the following reasons, that motion is denied.

The Court assumes familiarity with the background of this case. In brief, plaintiff eChanging Barcode, LLC ("eChanging") is the sole patentholder of U.S. Patent No. 9,047,715 (the "715 Patent"), which embodies a technology that prevents the unauthorized duplication of credentials, such as event tickets, through screenshots or static copies. Dkt. 41 ¶¶ 9–10, 17–18. eChanging alleges that the barcoding technology used by defendant Major League Baseball Advanced Media L.P. ("MLBAM") infringes on the '715 Patent. *Id.* ¶¶ 26–40. eChanging seeks damages and injunctive relief under 35 U.S.C. § 271 for the alleged infringement. *Id.* ¶¶ 43, 47–48.

On September 13, 2025, LIVE-Fi moved, through counsel Amy Rebecca Gurvey, to intervene under Federal Rule of Civil Procedure 24. Dkt. 74 ("Motion to Intervene"). It did so on the grounds that Alan Amron, the owner of eChanging, "improperly failed to cite" Live-Fi's patents and that MLBAM is using LIVE-Fi's patents "without permission." *Id.* The motion to intervene also raised numerous other issues unrelated to intervention, including the "recusal of magistrate Robyn Tarnofsky," *id.* at 3, and the alleged entry of "forged and unserved documents"

1

by state court officers, *id.* at 5. On September 29, 2025, eChanging opposed the motion to intervene. Dkt. 80. On September 29, 2025, MLBAM likewise opposed the motion. Dkt. 83. On October 7, 2025, LIVE-Fi replied. Dkt. 84.

At the outset, the Court notes that Gurvey, who claims to be licensed to practice law in California (a proposition eChanging disputes), has not been admitted *pro hac vice* in this Court. She claims to have been so admitted by the Honorable Arun Subramanian of this Court, but the docket of the cited case reflects that her motion to appear *pro hac vice* was never granted. *See United States v. Live Nation Ent. Inc. et al.*, No. 24 Civ. 3973, Dkt. 598 (S.D.N.Y. July 2, 2025). Accordingly, Gurvey is not admitted to practice before this Court, and her motion can be denied on that basis alone. *See Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 486 (S.D.N.Y. 1996) ("It is axiomatic that unless and until [a *pro hac vice*] motion is granted, plaintiffs' attorneys may not practice before this Court.").

Even were LIVE-Fi's motion procedurally proper, it is meritless. LIVE-Fi argues that it satisfies the requirements for intervention as of right and permissive intervention. Motion to Intervene at 15–21. For the reasons stated in the opposition briefs, LIVE-Fi does neither. *See* Dkts. 80, 83.

Rule 24(a)(2) governs intervention as of right. It states that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." LIVE-Fi argues that its interest in this case includes: "(a) enforcement of its patent rights against all name[d] parties; (b) protection of its trade secrets before the USPTO and proprietary data; and (c) prevention of further unauthorized use of its

proprietary technology." Motion to Intervene at 20. But LIVE-Fi does not claim that it holds or has ever held an interest in the '715 Patent. Nor does it describe how its "patent rights" or "trade secrets" at all relate to this dispute. Because LIVE-Fi fails to demonstrate an "interest relating to the property or transaction that is the subject of the action," it does not have a right to intervene. *See N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 486–87 (2d Cir. 1992) (affirming denial of motion to intervene where proposed intervenor "does not have a protectable interest in the action"); *Cont'l Indem. Co. v. Bulson Mgmt., LLC,* No. 20 Civ. 3479, 2020 WL 6586156, at *3 (S.D.N.Y. Nov. 10, 2020) (same); *see also United States v. State of N.Y.*, 820 F.2d 554, 558 (2d Cir. 1987) ("[A] failure to meet *any* of Rule 24(a)(2)'s requirements provides sufficient grounds to deny a motion to intervene as of right." (emphasis in original)).

LIVE-Fi's arguments for permissive intervention fare no better. Rule 24(b) states that the court "[o]n timely motion, may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." LIVE-Fi argues that its claims share common questions with the main action, including: "(a) [the] use and dissemination of ticketing data; (b) the scope and application of LIVE-Fi's patented technologies; and (c) the contractual and regulatory obligations stemming from the Live Nation-Ticketmaster merger." Motion to Intervene at 21. But none of these questions are implicated by the present case, which concerns eChanging's claim that MLBAM infringed the '715 Patent, and will therefore focus on the validity of the '715 Patent and whether it was in fact infringed by MLBAM's product. Accordingly, the Court denies LIVE-Fi's motion for permissive intervention. *See, e.g., Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 595 (S.D.N.Y. 2018) (denying motion to intervene where proposed intervenors "fail to demonstrate that their claim or defense shares a common question of law or fact with this . . . proceeding");

3

*Tymoshenko v. Firtash*, No. 11 Civ. 2794, 2011 WL 5059180, at *3 (S.D.N.Y. Oct. 19, 2011) (same).

## CONCLUSION

For the foregoing reasons, LIVE-Fi's motion to intervene is denied. The Clerk of Court is respectfully directed to terminate the motion at Docket 74 and, to the extent LIVE-Fi's filings hold it out as a party to this action, to terminate LIVE-Fi as a party to this action.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 21, 2025
      New York, New York

4