

*Live-Fi™ Technology Holdings*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

Alan Amron, echangingbarcode, LLC,
Plaintiffs,

MLB, MLB ADVANCED MEDIA (MLBAM),
[Live Nation Entertainment (LNE), Inc.
merged with Ticketmaster, LLC, StubHub, Inc.]
AND 30 NATIONAL BASEBALL TEAMS AND
STADIUMS, and DOES 1-X, Defendants[1].

———————————————————————X

Case No. 24-cv-2930 (PAE)

MOTION FOR
RECONSIDERATION
[FRCP Rule 59(e)]

October 24, 2025
Dear Judge Engelmayer:

Most respectfully, US Patentee/Proposed Intervenor Amy
Weissbrod Gurvey, CEO and General Counsel of patent loan out
company LIVE-Fi® Technology Holdings and a California attorney in
good standing <u>not</u> admitted in New York State, moves for
reconsideration of the order of the SDNY entered yesterday 10-23-25

---

[1] [Defendants LNE and StubHub noticed as voluntarily terminated by the Plaintiff]

1

denying intervention into plaintiff Amron's infringement lawsuit against defendants MLB and MLB Advanced Media (MLBAM).

It is alleged that the SDNY misapplied the prevailing law and failed to follow the extensive factual record, both proper grounds for reconsideration under Rule 59(e). Directly contrary to the court's order, Petitioner was in fact granted *pro hac vice* status by this court in SDNY lawsuit 24cv3973 (Doc. #638 entered August 22, 2025, Exhibit appended). The citations by the court are in bad faith.

Moreover, plaintiff Amron is infringing Petitioner's patent claims and committed fraud before the USPTO by failing to cite to Weissbrod Gurvey's issued US patent claims as prior art when applying for a subset patent and cannot be rewarded for his crimes. Weissbrod Gurvey's patents are more comprehensive ticket authentication and ticketing management platform. Amron's is but a subset technology that should not have been granted by the Government. Whether plaintiff Amron is infringing Petitioner's patent is a question of fact that cannot be decided *sua sponte* without motion on notice.

In addition, based on the unique facts, the Government cannot adequately represent Petitioner's patent interests as proven by Petitioner's litigation pending since 2023 against the Secretary of Commerce/US Commissioner of Patents before the DC District Court. 23cv3549 (JMC).

## FRCP RULE 59(e) RECONSIDERATION

(1)   Directly contrary to the court's order, Weissbrod Gurvey was in fact granted *pro hac vice* status by this court in SDNY lawsuit 24cv3973 (Doc. #638 entered August 22, 2025, Exhibit appended). The citations by the court are in bad faith.

(2)   Even  if Gurvey had not been not granted *pro hac vice* status, she is entitled to refile her motions in both the 24cv3973 lawsuit

and in this lawsuit as a *pro se* patentee. This is because under the US Supreme Court's six-year relate back limitation pertaining to the filing of infringement claims, Petitioner was the sole patent inventor and holder of the issued patents and portfolio patents pending during the relevant six-year period (2018-2024) [*SCA Hygiene Products v. First Quality Baby Products*, 137 S. Ct. 954 (2017)]. Ergo, it is alleged that Amron is infringing Petitioner's patents as is MLB and MLB Advanced Media (MLBAM)

(3)     The Government cannot protect Petitioner's interests. Weissbrod Gurvey is also the plaintiff in two (2) DC District Court lawsuits . The 2025 lawsuit (25cv3257) is an antitrust enforcement/willful infringement lawsuit against Live Nation Entertainment, Inc., Live Nation, Inc. and Ticketmaster LLC. These defendants and their venture partners, defendants herein MLB and MLBAM are infringers of Petitioner's patented platforms by the doctrine of equivalents.

(4) Petitioner's other 2023 DCD lawsuit 23cv3549 (JMC) seeks injunctive relief against the Secretary of Commerce/US Commissioner of Patents for violations of the Administrative Procedures Act, 5 USC §§551, 701, et seq. (APA). The claims against the Government include delaying Petitioner's patents 13 years beyond the 3-year deadline set by the Federal Circuit [*Wyeth v. Kappos*, 591 F.3d 1364 (Fed Cir. 2010)] and unlawfully taking Weissbrod Gurvey's published patent applications out of the queue in due course *sua sponte without motion on notice* since 2007 to conduct a conflicts of interest investigation against MLB's and Weissbrod Gurveys' common intellectual property practitioners at Cowan Liebowitz & Latman of NYC. The published applications were able to be copied before they were unlawfully removed from the queue and it appears that is exactly what plaintiff Amron has done.

(5)    Because conflicts of interest violations were found by the
Commissioner and *admitted to* by the Cowan practitioners, pursuant to
APA the USPTO was required to serve Petitioner with the results of the
investigation and failed to do so since 2013. Petitioner's FOIA requests
remained unanswered for over 10 years. In addition, during the 13-year
delay between the date of Petitioner's first issued patent on October 13,
2009 (7603321) and the continuation patent on August 2, 2022
(11403566) with 25 additional apparatus and method claims, the
USPTO improperly awarding a subset patent to plaintiff Amron, an act
that is expressly challenged as unlawful in the 23cv3549 DCD lawsuit.

(6)    Further, Weissbrod Gurvey argues that plaintiff Amron
committed USPTO fraud by failing to cite to Gurvey's issued US patent
claims as prior art. This means his patent cannot be enforced by this
court.

(7)    This court found in its order that plaintiff Amrom claims a
method that prevents unauthorized duplication of credentials. So does
Petitioner. In *Monsanto Co. v. Bayer Bioscience N.V.,* 514 F.3d 1229
(Fed. Cir. 2008), the Federal Circuit affirmed the unenforceability of
Bayer's patent due to inequitable conduct—*i.e.,* Bayer's failure to
disclose material prior art during prosecution. In this case, plaintiff
Amron failed to cite Petitioner's earlier-filed applications and published
disclosures when prosecuting overlapping patent claims. This omission
violates the duty of candor under 37 CFR § 1.56 and supports a finding
of unenforceability.

(8)    Contrary to court's order, special rules pertain to
intervention in combined ongoing infringement and antitrust
proceedings involving overlapping patented technologies. In *Trbovich v.
United Mine Workers,* 404 U.S. 528 (1972), the Supreme Court held that
a party whose interests are inadequately represented by the
Government may intervene to protect those interests. Petitioner's
interests in enforcing her patent rights and challenging procedural
misconduct are not adequately represented by the USPTO or its counsel

4

especially given the *ex parte* removal of her applications for an extended period of time.

(9)    *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129 (1967) affirms that private parties may intervene in antitrust proceedings when they are directly harmed by exclusionary conduct. Petitioner's exclusion from the patent queue and downstream platforms warrant intervention. The Cowan lawyers were MLB's USPTO lawyers harboring a conflict even before they solicited Petitioner's patent prosecution retainer and abandoned that retainer without USPTO permission. This caused further publication of defective applications. In addition, defendants MLB and MLBAM sued by plaintiff herein are venture partners of Live Nation Entertainment and Ticketmaster, Petitioner's adversaries in the 25cv3257 DCD lawsuit.

(10)There is no dispute Petitioner's patent applications were removed from the USPTO queue without notice, hearing, or written justification, violating 5 USC §§ 555(b), 558(c), and 706(2)(A)–(D). The former Commissioner of Patents Wynn Coggins acted *ultra vires* in removing Petitioner's filings, which were timely, complete, and compliant with statutory requirements. The removals were performed *sua sponte* without motion on notice and obstructed Petitioner's ability to assert her rights and enforce her patents in a timely manner. The acts constitute final agency actions subject to judicial review.

(11)Petitioner has suffered concrete injury due to:

- o  Loss of priority and enforceability of her inventions.
- o  Exclusion from federally-regulated platforms and markets.
- o  Procedural misconduct by USPTO and downstream monopolists who are being sued in a class action before this court and their venture partners who are defendants in this lawsuit.

These injuries are traceable to agency and private conduct and redressable through intervention and declaratory relief.

(12)    Petitioner's issued patents and *sua sponte* removed patent applications authenticate ticket data and prevent unauthorized

duplication of credentials including in the resale and exchange of tickets, premium performance tickets and in sports betting. 17 applications were removed from the queue by the Commissioner.,

(13) The 2d Circuit decisions cited by the court are of no significance.

(14) The Federal Circuit has exclusive jurisdiction over arising under patent appeals where the claims are defined by patent statutes. *Gunn v. Minton*, 133 S. Ct. 1059 (USSC Tex. 2013) Plaintiff Amron's breach of the duty of candor and good faith to the USPTO rendered his patent unenforceable. The Federal Circuit held in Monsanto, *supra,* that the district court has jurisdiction to declare his patent unenforceable.

(15) The record is also undisputed that Apple, Inc., plagiarized Petitioner's published applications in 2008 when filing for its own ticketing management patent, #2008-82491. Apple was denied a patent for eight years but on appeal to the Patent Trial and Appeals Board was granted a single near field claim in or about 2017. This is now the same claim in use at the checkpoint of entry by MLB/MLBAM at Yankee Stadium and at all 30 national baseball stadiums. The recent US Open at Arthur Ashe Stadium was also using Apple's single near field claim. This explains why it took over two hours in line to enter the stadium long after the matches began. Petitioner expressly challenges that grant to Apple in the DCD lawsuit, 23cv3549, and she challenges the grant to Amron in 2015.

(16) Weissbrod Gurvey's patents, and the improperly removed published applications include apparatuses, mobile interface designs and utility claims for ticket data authentication, hybrid encryption, transmission matrices for event interaction and content, ticket resale and exchange, direct-to-user targeted advertising by multifunctional bar codes, merchandise/hospitality fulfillment, royalty accounting, AI

analytics and sports betting.  The include claims that prevent unauthorized duplication of data in various functions. For example, once a premium performance ticket is activated on a mobile display, it can be exchanged or resold without duplication of ticketing data. Multiple embodiments and permutations are claimed in Petitioner's patents and pending patents.

(17) Petitioner also owns mobile displays that activate electronic readers at venues with multifunctional bar codes. (D647910S) This is but one claim being infringed by the plaintiff Amron.

(18) Petitioner's claims also enable most non-ticketing businesses. Based on the ongoing  contumacious breach by defendants Live Nation and Ticketmaster of the competitive impact statement, final judgment and amended judgment in *US v. Ticketmaster and Live Nation,* 2010 W 975407, 975408 (pp. 8 line 10), Petitioner properly seeks injunctive relief from the DCD to get defendant MLB's data and plaintiff's data, if any, from Ticketmaster.

(19) Significant is that Magistrate Tarnofsky was a senior unified court system (UCS) attorney serving on the NY Legal Assistance Group when she refused to assist Petitioner disqualify Live Nation's infringement defense attorneys at Hinshaw & Culbertson from the previous SDNY infringement lawsuit in 2016. H&C counsels were dually serving as UCS attorneys without disclosing conflicts of interest and were found by the First Dept. to have inserted forged and unserved documents into concealed state files engaging in Petitioner's unprivileged defamation.

(20)  Moreover, Magistrate Tarnofsky's husband, Antony Ryan, Esq., is a partner at Cravath Swaine and Moore.  The Dept. of Justice's DC District Court competitive impact statement, the consent decree, final judgment and amended judgment entered in 2010 and 2020 were spearheaded by DOJ's former Christine Varney who is now a senior

partner at Cravath Swaine and Moore. Varney's switching of hats challenges the entire integrity of the 24cv3973 class action lawsuit pending before this Court.

(21)   It was the duty of the SDNY to serve Petitioner with ex parte proffers circulated to the SDNY administrators by H&C's J. Richard Supple. *Twomey v. Ohio,* 273 US 510 (1927); ABA Rule 2.9 *Ex parte* Communications. In 2016, Supple was found to have inserted forged documents into concealed UCS files during Petitioner's previous infringement lawsuit against defendants Live Nation, Phish and Cowan Liebowitz & Latman.

(22)   It was the duty of the SDNY to order injunctive relief against the State and its officers since 2013, not deny Petitioner infringement hearings.

(23)   The end result was that Weissbrod Gurvey never got a hearing on her patents before the SDNY since 2010, in violation of the Fourteenth Amendment.

(24)   In 2018, UCS's Office of Court Administration attorney Shawn Kerby began writing *ex parte* letters to the Federal Circuit only discovered in 2025 tolling all statutes.  Kerby sought to prevent Weissbrod Gurvey from getting arising under patent appeals to unconstitutional orders of the SDNY denying infringement hearings including on the anticipated 11403566 patent that issued on August 2, 2022.

(25)   The injunction issued by the US District Court for the Northern District of New York on September 5, 2025 against NYS UCS officers should have been entered by this Court in 2013. It is astounding that an injunction did not ever issue from this Court.

(26)   An order of the Federal Circuit in 25-1954 has upheld Petitioner's infringement claims against defendant MLB.

**WHEREFORE**, Petitioner Amy Weissbrod Gurvey respectfully requests:

1. Leave to intervene in relevant federal proceedings under Fed. R. Civ. P. 24(a)(2) and (b)(1)(B).
2. A declaratory judgment that plaintiff's patents are unenforceable under *Monsanto*.
3. A stay pending determination by the DC District Court on Petitioner's motion to restore Petitioner's applications to the queue.
4. Injunctive relief to prevent further exclusionary conduct and retaliation.

Dated: October 24, 2025
Princeton, NJ

/amyweissbrodgurvey/

Petitioner/US patentee

DENIED. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Because Gurvey's citations to Supreme Court cases about intervention in the antitrust context do not alter the Court's analysis as to whether LIVE-Fi's intervention in this patent dispute is appropriate, the motion for reconsideration is denied.

The Court apologizes for its earlier misstatement as to Gurvey's admission to practice *pro hac vice* in another case in this District; however, the fact of her admission does not affect the Court's analysis in its October 21, 2025 Order as to the propriety of intervention under Federal Rule of Civil Procedure 24. Dkt. 85. The Court also notes that Gurvey has been admonished in that same case, after repeated filings, that further filings "may result in sanctions or a filing ban." 24cv3973, Dkt 648. Gurvey has been similarly admonished by other courts, such as the Northern District of New York, which wrote that her "repeated litigating of the very same issues constitutes a needless and burdensome imposition on the resources of the courts and defendants." 24cv211, Dkt. 79, at 16. Gurvey is directed to refrain from future filings on the docket of this case.

SO ORDERED.

PAUL A. ENGELMAYER      9
United States District Judge

Date: November 3, 2025
New York, New York