

*Live-Fi™ Technology Holdings*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____X

Alan Amron, echangingbarcode, LLC,      Case 24cv2930(PAE)(RFT)
Plaintiffs,

MOTION SEEKING STAY
OF VOLUNTARY
DISMISSAL ORDER
PENDING
DETERMINATION OF
FEDERAL CIRCUIT AND
US SUPREME COURT
PETITIONS

MLB, MLB ADVANCED MEDIA (MLBAM),
[Live Nation Entertainment (LNE), Inc.
merged with Ticketmaster, LLC, StubHub, Inc.]
AND 30 NATIONAL BASEBALL TEAMS AND
STADIUMS, and DOES I-X, Defendants[1].
_____X

Nov 16, 2025

      Most respectfully, US Patentee/Proposed Intervenor Amy

Weissbrod Gurvey, CEO and General Counsel of patent loan out

---

[1] [Defendants LNE and StubHub noticed as voluntarily terminated by the Plaintiff]

company LIVE-Fi® Technology Holdings and a California attorney in good standing, moves for an immediate stay of the court's order granting voluntary dismissal of the instant lawsuit by infringers of Petitioner's patents, plaintiffs Alan Amron and echangingbarcode and named defendants MLB/MLB Advanced Media (MLBAM). Petitioner Amy R. Weissbrod Gurvey affirms to the truth of the following statements.

There is no dispute that the Court misapplied the prevailing Federal Circuit law and failed to follow the extensive factual record, both proper grounds for reconsideration under Rule 59(e). Directly contrary to order, Petitioner was in fact granted *pro hac vice* status by this court in SDNY lawsuit 24cv3973 [US v. Live Nation Entertainment, Inc., )(Doc. #638 entered August 22, 2025). The order of the court was therefore wrong and in bad faith. Moreover, only the Federal Circuit law applies to this case, a patent infringement litigation where the claims are defined by patent statutes. Orders of the SDNY have no relevance to this lawsuit. *Gunn v. Minton*, 133 S. Ct. 1059 (USSC Tex. 2013)

Because plaintiff Alan Amron is infringing Petitioner's patent claims and there is no dispute that he committed fraud before the USPTO by failing to cite to Weissbrod Gurvey's issued US patents as prior art as provided on the face of his patent, he cannot enforce his subset patent before this court or any court. This court has attempted to reward Amron for his USPTO fraud and crimes. Weissbrod Gurvey's

2

patents are the more comprehensive ticket authentication and content management platforms. Amron's patent 9047715 issued in 2016 is but a subset that should never have been granted by the Government. Petitioner has a constitutional right to file a counterclaim and cross claim for infringement by both parties hereto. Whether plaintiff Amron is infringing Petitioner's patent is a question of fact that could not be decided *sua sponte* without motion on notice.

Moreover, based on the underlying unique facts, the Government did not adequately represent Petitioner's patent interests as proven by Petitioner's litigation pending since 2023 against the Secretary of Commerce/US Commissioner of Patents before the DC District Court. 23cv3549 (JMC); see also *Weisssbrod Gurvey v. Live Nation and Ticketmaster*, 25cv3257 (DCD). The former Commissioner of Patents Wynn Coggins took Petitioner's published applications out of the queue and put them on "hold" after publication to conduct a conflict of interest/breach of attorney client privilege investigation against MLB and Live Nation's trademark attorneys at Cowan Liebowitz & Latman. The Commissioner's acts violate the Administrative Procedures Act, 5 USC §§551, 701 et seq. (APA). The investigation endured for seven years. Ergo, Amron's subset patent was improperly granted by fraud before the USPTO Commissioner.

Because this court denied intervention as of right, both Petitioners Weissbrod Gurvey and LVIE-Fi Technology Holdings, LLC are technically not parties to this lawsuit. The denial of intervention as of

3

right is a "final" order because it conclusively determines Petitioners' ability to participate in the litigation and file a cross motion and counterclaim for patent infringement and fraud against both parties.

There is also no dispute that defendants MLB and MLB Advanced Media got access to Petitioner's patent applications through their lawyers at Cowan firm that abandoned defectively filed applications and abandoned them without motion on notice or USPTO approval. 37 CFR 2.10, 2.19, 10.66, 11.108, 11.116, 1.324. The Cowan law firm's defense attorney J. Richard Supple formerly of Hinshaw & Culbertson's NY office, was an undisclosed counsel to the First Dept. By order entered April 21, 2016, given to magistrate Tarnofsky, Supple was found to have manufactured and entered fraudulent documents into "ordered withheld" NYS files that were per se defamatory to Petitioner. The NYS Office of Court Administration (OCA) then posted fraudulent notices on the Internet and in 2018 its lawyer, Shawn Kerby wrote the Federal Circuit ex parte that Petitioner was "disbarred". **Petitioner was never disbarred, never sanctioned by the NY Court of Appeals, and remains in excellent standing in California.** Petitioner is also a producer for Broadway musicals and television specials.

Injunctive and declaratory relief was sought by this Court against the State in 2013 and 2018 and was improperly denied in defiance of petitioner's constitutional rights. That includes by Magistrate Tarnofsky. Technically fees and costs are properly awarded against the

SDNY. *Pulliam v. Allen*, 466 US 522 (1984). The chief judge was made a respondent in Petitioner's NDNY lawsuit, 24cv211 (25PF01). A hearing on injunction was ordered on September 5, 2025 and is before both the US Supreme Court and Federal Circuit.

The Supreme Court in *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987) and *Trbovich v. United Mine Workers*, 404 U.S. 528 (1972) found that denial of intervention as of right is a directly appealable order. See also, *United States v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013); *Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996) (*En banc*).

Pending before the US Supreme Court and the Federal Circuit are motions appending this court's order denying intervention as of right plus the order of the SDNY 24cv3973 (AS) (Docket #638) granting Petitioner *pro hac vice* status to this court in the Government's action to divest Live Nation Entertainment of Ticketmaster. 24cv3973 (AS). Also pending before the DC District Court is Petitioner's motion to enforce that court's judgment entered January 25, 2010 and Amended Judgment (January 8, 2020) in *US v. Ticketmaster and Live Nation*, 2010 WL 975408, pp. 8 line 10). The DCD court ordered fifteen years ago that the *"merged entity cannot withhold ticket data from companies seeking to conduct non-ticketing businesses at the merged entity's owned operated and serviced venues"*. That order continues to be breached against the petitioners hereto.

Petitioners own virtually all the priority patents in the platforms that enable non-ticketing businesses by authentication of ticket data and bets placed to enable non-ticketing businesses that include sports betting, and were unlawfully taken by agencies of NYS and NYC, the latter that can be sued directly for infringement. *Monell v. Dept. of Social Services*, 436 US 658 (1978). Petitioner's infringement claim against NYS was also denied by this court in clear abuse of discretion. 13cv2565 (JMF); 18cv2206 (AT).

Petitioner also argued in her moving papers that magistrate Robyn Tarnofsky in her previous position as senior attorney for the NY Legal Assistance Group, a NYS agency, harbored conflicts of interest with Petitioner's patent interests. The SDNY owed injunctive and declaratory relief against NYS officers of the courts including Live Nation and the Cowan firm's defense attorney J. Richard Supple, a concealed First Dept. staff counsel.

In addition, Ms. Tarnofsky's husband is a partner at Cravath Swaine and Moore, whose roster includes Christine Varney as a named partner. Varney was serving as a senior US Dept. of Justice attorney in 2010 who spearheaded the opposition to the merger of Ticketmaster and Live Nation before the DC District Court. Varney's conflicts were required to be disclosed by the Cravath firm to Judge Subramanian and the 40 US states joining as plaintiff. The failure to disclose challenges the entire integrity of the Government's antitrust action. This is separate from the fact that Docket #638 has been unilaterally deleted

6

from that case docket; as was Petitioner's first infringement complaint, filed and date stamped by the SDNY on April 22, 2010.

There is no prejudice to the parties to this litigation if a stay is granted on the order granting voluntary dismissal pending determination by the US Supreme Court and Federal Circuit on Petitioner's pending motions. There is no dispute of Petitioners' likelihood of success on the merits.

WHEREFORE, Petitioners Amy Weissbrod Gurvey and LIVE-Fi Technology seek a stay of the voluntary dismissal sought by plaintiffs Amron and echangingbarcode so ordered by this Court.  Motions pending before parallel courts are appended hereto as exhibits

November 16, 2025
Princeton, NJ

/amyweissbrodgurvey/

AMY WEISSBROD GURVEY
CEO LIVE-Fi ®Technology Holdings
California Counsel

DENIED.

SO ORDERED.

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Date:  November 18, 2025
New York, New York

7